BARRY, Judge,
concurring.
Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112 (La. 7/5/94), 639 So.2d 216, is the most recent clarification of the manifest error standard enunciated in cases stretching from Canter v. Koehring Co., 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), to Rosell v. ESCO, 549 So.2d 840 (La.1989) and Stobart v. State, through Department of Transportation and Development, 617 So.2d 880 (La.1993).
“[Wjhere two permissible views of the evidence exists, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Ambrose, 639 So.2d at 221, quoting Stobart, 617 So.2d at 883. The Supreme Court noted that the purpose of Sto-bart was not to mandate that the trial court’s factual determinations could not ever or hardly ever be upset on appeal.
Although deference to the factfinder should be accorded, the court of appeal, and the Louisiana Supreme Court, nonetheless have a constitutional duty to review facts. Of course, the reviewing court may not merely decide if it would have found the facts of the ease differently. Rather, notwithstanding the belief that they might have decided it differently, the court of appeal should affirm the trial court where the latter’s judgment is not clearly wrong or manifestly erroneous.
(footnote omitted). Id.